◼ ELIZABETH REIDER et al., Appellants, v. WHITEBROOK REALTY CORP., Respondent.— In a negligence action by a husband and wife to recover damages for personal injury, loss of services and medical expenses, allegedly arising out of the wife's fall on a fire stairway in the defendant's premises, in which action the defendant pleaded as a separate defense that the wife's remedy, if any, was exclusively under the Workmen's Compensation Law (§ 29, subd. 6), the plaintiffs appeal: (1) from an order of the Supreme Court, Westchester County, dated May 14, 1962, which granted defendant's motion for summary judgment (Rules Civ. Prac., rule 113); and (2) from the judgment entered May 24, 1962 upon said order, dismissing the complaint. Order reversed, with $10 costs and disbursements; defendant's motion for summary judgment denied; and the judgment in defendant's favor vacated, without costs. In our opinion, *Naso* v. *Lafata* (4 N Y 2d 585) and *Rauch* v. *Jones* (4 N Y 2d 592) are not applicable to the facts of this case. The statutory obligation imposed upon an owner by section 109 of the Multiple Residence Law differs substantially from the derivative and vicarious liability (created by former § 59 of the Vehicle and Traffic Law) of the owner of a motor vehicle operated by another with the owner's permission. The facts contained in the instant record are insufficient to enable the court to determine the precise relationship between the persons and corporations involved. Accordingly, a plenary trial, upon which all the facts may be fully developed, is required. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

◼ ROSE SANTORE, Respondent, v. AMERICAN EXPORT LINES, INC., Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff while she was a passenger on a vessel operated and controlled by the defendant, the defendant appeals from an order of the Supreme Court, Kings County, dated October 1, 1962, which denied its motion for summary judgment dismissing the complaint upon the ground that plaintiff failed to commence her action within the one-year limitation specified in the contract of carriage by which the plaintiff's voyage was purportedly undertaken. The defendant in its brief also requests this court, in the exercise of the power conferred upon it (Civ. Prac. Act, § 562-a), to review the order, dated January 15, 1963, which granted the defendant's motion for reargument but adhered to the original determination. The court has reviewed such order made upon reargument. Orders of October 1, 1962 and January 15, 1963 affirmed, with one bill of $10 costs and disbursements. In our opinion, the record presents issues of fact which may not be resolved upon a motion for summary judgment. We have neither passed upon nor considered any of the questions of law discussed in the memorandum opinions at Special Term. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.